NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIRGINIA STREET FIDELCO, L.L.C. et al., | : : | Civil Action No.11-2057 (SRC) |
| Plaintiffs, | : : : | **OPINION & ORDER** |
| v. | : : : | |
| ORBIS PRODUCTS CORPORATION et al., | : : : | |
| Defendants. | : : | |

**CHESLER**, District Judge

This matter comes before this Court on the motion to dismiss the First Amended Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5), by Defendant Vernon G. Browne ("Browne"). For the reasons set forth below, the claims against Defendant Browne will be dismissed for lack of personal jurisdiction.

In brief, the First Amended Complaint alleges that Defendants operated a manufacturing facility in Newark, New Jersey that polluted the environment. The First Amended Complaint contains two factual assertions about Browne: 1) he was a shareholder of the entity Adron, Inc., which is alleged to be a successor-in-interest to certain assets of Norda, Inc., which is alleged to be the parent company of Defendant Orbis Products Corporation, which is alleged to have operated the polluting facility (First Am. Compl. ¶¶ 9, 10, 11, 17, 18, 23, 25); and 2) he exercised control over the polluting site at the time that the pollution occurred.

Browne had moved to dismiss the First Amended Complaint for lack of personal

jurisdiction and insufficient service of process.  Under Third Circuit law, on this motion, Plaintiffs bear the burden of proof of personal jurisdiction over Defendant:

> The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper. If the district court does not hold an evidentiary hearing, the plaintiff[s] need only establish a prima facie case of personal jurisdiction.  Moreover, it is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff.

Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted).

In opposition, Plaintiffs advance a basis for personal jurisdiction that is not asserted in the First Amended Complaint.  Plaintiffs contend that Browne was a director of Norda, Inc. in "the time period during which environmental clean-up obligations relating to the Orbis Site were imposed and ignored." (Pls.' Opp. Br. 8.)  Plaintiffs make no allegations as to any specific action or inaction of Browne but, nonetheless, conclude, "Mr. Browne has purposefully availed himself to his privilege [sic] of conducting activities within New Jersey and has thus invoked the benefits and protections of its laws." (Id. at 11.)  There is simply no basis for this conclusion in either the First Amended Complaint or the opposition brief.  Plaintiffs have failed to provide anything to support the inference that Browne had any relevant contact with the forum, such that any claim arose out of that contact.

Plaintiffs attempt to argue that, where an entity itself has sufficient contacts with the forum to support the exercise of personal jurisdiction over the entity, that provides a sufficient basis for the Court to exercise personal jurisdiction over that entity's directors.  This is simply not the law.  "[J]urisdiction over an employee does not automatically follow from jurisdiction

over the corporation which employs him. . . Each defendant's contacts with the forum State must be assessed individually." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984).

Plaintiffs have failed to carry their burden of proof that personal jurisdiction over Browne is proper. Defendant's motion to dismiss the claims against him will be granted.

For these reasons,

**IT IS** on this 24th day of July, 2012

**ORDERED** that Defendant's motion to dismiss the First Amended Complaint for lack of personal jurisdiction (Docket Entry No. 46), pursuant to Federal Rule of Civil Procedure 12(b)(2), is **GRANTED**, and, as to Defendant Vernon G. Browne only, the First Amended Complaint is hereby dismissed for lack of personal jurisdiction.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge