**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| VIRGINIA STREET FIDELCO, L.L.C. et al., | : : : | Civil Action No.11-2057 (SRC) |
| Plaintiffs, | : : | **OPINION & ORDER** |
| v. | : : | |
| ORBIS PRODUCTS CORPORATION et al., | : : : | |
| Defendants. | : : | |

**CHESLER**, District Judge

  This matter comes before this Court on the motion to dismiss the Second Amended Complaint ("SAC") for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5), by Defendant Estate of Elena Duke Benedict (the "Estate"). For the reasons set forth below, the motion will be denied.

  The Estate first argues that the claims in the SAC against it should be dismissed due to insufficient service of process. Plaintiffs, in response, do not contend that the Estate was ever properly served. They do, instead, contend that they should be allowed the opportunity to effect proper service. The motion to dismiss for insufficient service of process will be denied without prejudice, and Plaintiffs shall have 30 days from the date of entry of this Order to properly serve the Estate.

  The Estate next argues that the claims in the SAC against it should be dismissed for lack of personal jurisdiction. In opposition, Plaintiffs ask for the opportunity to conduct jurisdictional

discovery.  Under Third Circuit law:

> In any action the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction.  Where the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden.

<u>Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances</u>, 723 F.2d 357, 362 (3d Cir. 1983).  Plaintiffs' claims against the Estate are not clearly frivolous.  Plaintiffs point to the March 18, 1993 Memorandum Opinion and Order issued by Hon. Kimba M. Woods, U.S.D.J., which in and of itself supports the inference that the claims against the Estate are not clearly frivolous.  Plaintiffs will be granted 60 days to conduct discovery on personal jurisdiction over the Estate.  The motion to dismiss the SAC for lack of personal jurisdiction will be denied without prejudice, and may be renewed at the completion of this discovery period.

For these reasons,

**IT IS** on this 9th day of December, 2014

**ORDERED** that Defendant's motion to dismiss the Second Amended Complaint for lack of personal jurisdiction and insufficient service of process (Docket Entry No. 95) is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff has 60 days from the date of entry of this Order to conduct jurisdictional discovery on its claims against the Estate; and it is further

**ORDERED** that Plaintiff has 30 days from the date of entry of this Order to properly serve the Estate.

    s/Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge