**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VIRGINIA STREET FIDELCO, L.L.C., et al.,**<br><br>  Plaintiffs,<br><br> v.<br><br>**ORBIS PRODUCTS CORPORATION, et al.,**<br><br>  Defendants. | Civil Action No. 11-2057 (KM)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiffs seeking to reopen discovery in this matter in order to supplement the expert report of Richard S. Greenberg, PhD. (the "Greenberg Report") [Dkt. No. 166]. Defendants oppose Plaintiffs' motion [Dkt. No. 168]. For the reasons set forth below, Plaintiffs' motion to supplement the Greenberg Report [Dkt. No. 166] is GRANTED.

**I. BACKGROUND AND PROCEDURAL HISTORY**[1]

The Complaint in this action was filed on April 11, 2011 by Plaintiffs City of Newark and Virginia Street Fidelco, L.L.C. (collectively "Plaintiffs") and seeks recovery for the cost of remediating alleged environmental contamination on a piece of property (the "Orbis Site") located at 55 Virginia Street in Newark, New Jersey.[2] Plaintiff City of Newark is the current owner of the Orbis Site as a result of a foreclosure in the late 1990s. Plaintiff Virginia Street

---

[1] This Opinion includes only the facts relevant to Plaintiffs' current motion. For a full recitation of the facts underlying this action, see the Court's Opinion on Defendants' summary judgment motions [Dkt. No. 161].
[2] Plaintiffs amended their Complaint twice, first on February 3, 2012 [Dkt. No. 40] and then on April 19, 2013 [Dkt. No. 65]. All references in this Opinion to Plaintiffs' Complaint refer to Plaintiffs' operative pleading in this action, which is Plaintiffs' Second Amended Complaint [Dkt. No. 65].

Fidelco, L.L.C. is the contract purchaser of the property. The Defendants in this action are companies and individuals affiliated with those companies alleged by Plaintiffs to be responsible for contamination of the Orbis Site prior to Defendant City of Newark's ownership.[3]

Fact discovery in this matter concluded on July 14, 2014.[4] *See* Dkt. No. 90. Pursuant to an Order entered by the Court on December 28, 2015, the exchange of the parties' expert reports was to be completed by March 21, 2016. *See* Dkt. No. 153. All export reports were exchanged by the March 21, 2016 deadline. Dkt. No. 168 at p. 6. The Greenberg Report, which is the subject of the present motion, was dated November 3, 2015, and was supplemented in March 2016. *Id*.

Prior to the close of fact discovery and the exchange of expert reports in this matter, the Court granted a motion to dismiss for lack of personal jurisdiction filed by Defendant Vernon G. Browne. *See* Dkt. No. 57. Following Browne's dismissal, Plaintiffs filed an action against him in the United States District Court for the Middle District of Florida (the "Florida Action") which involved the same claims and subject matter as the case presently before this Court.[5] The Florida Action proceeded to a bench trial held on April 25, 2016 in front of the Honorable Richard A. Lazzara, U.S.D.J. On June 29, 2016, Judge Lazarra issued an Order finding that Defendant was entitled to the entry of final judgment in its favor and against Plaintiffs.[6]

---

[3] The remaining Defendants in this action are: Orbis Products Corporation, Norda, Inc., PPF Norda, Inc., PPF International, Inc., Adron, Inc., Quest International, Inc., Indopco, Inc., National Starch and Chemical Corporation, The Estate of Elena Duke Benedict, The Estate of Louis Amaducci, Flaroma, Inc., Robert L. Amaducci, and William R. Amaducci. A number of these Defendants have defaulted or have been voluntarily dismissed from this action. The remaining active Defendants are: Flaroma, Inc., William Amaducci, Robert Amaducci, the Estate of Louis Amaducci, and the Estate of Elena Duke Benedict.

[4] The Order entered by the Court setting the deadline for fact discovery in this matter allowed the parties to complete certain depositions after the end of fact discovery. *See* Dkt. No. 90 at ¶ 2.

[5] *See Virginia St. Fidelco, L.L.C. v. Estate of Vernon G. Brown*, No. 8:14-CV-130-T-26EAJ. Upon the death of Vernon G. Brown on or about January 17, 2014, the Estate of Vernon G. Brown was substituted as the named Defendant in the Florida Action.

[6] The Order issued by Judge Lazarra on June 29, 2016 can be found at Dkt. No. 103 on the electronic docket of the Florida Action.

The Greenberg Report relied upon by Plaintiffs in this matter was also relied upon by Plaintiffs in the Florida Action. In the Florida Action, the Court outlined several shortcomings of the Greenberg Report, including that in preparing his report, Greenberg: did not conduct any independent analysis or work at the Orbis Site and instead relied upon reports and sampling information provided by other parties; did not speak with the New Jersey Department of Environmental Protection ("NJDEP") or other environmental agencies regarding the current status of the Orbis Site and instead relied on information found on NJDEP's website; made mistakes in his report regarding the conditions of the Orbis Site; did not reduce his estimate of future environmental costs at the Orbis Site to account for possible contamination from off-site sources; and did not know the locations at the Orbis Site where the prior consultant had collected soil samples and therefore did know where contamination requiring remediation had been found. *See Virginia St. Fidelco, L.L.C. v. Estate of Vernon G. Brown*, No. 8:14-CV-130-T-26EAJ, Dkt. No. 103 at p. 7-8. As a result of these identified shortcomings, the Court in the Florida Action found that Greenberg's cost estimate for soil remediation at the Orbis Site was based upon his unsupported assumption that all of the soil at the Orbis Site is contaminated and must be removed or treated, and that he "did not provide a factual basis for his future environmental remediation cost estimates set forth in . . . his report." *Id.* at p. 9-10.

On August 3, 2016, this Court entered an Opinion and Order granting in part and denying in part Defendants' motions for summary judgment and a motion by Defendant the Estate of Elena Duke Benedict to dismiss for lack of personal jurisdiction [Dkt. Nos. 162, 163]. Following the Court's decision on Defendants' motions and based upon the defects in the Greenberg Report outlined in the Florida Action, Plaintiffs requested and were granted leave

from the Court to file the present motion to supplement the Greenberg Report pursuant to Federal Rule of Civil Procedure 26(e).[7]

In support of their motion, Plaintiffs claim that although the status of the Greenberg Report in this action differs from its status in the Florida Action because this Court allowed Greenberg to submit a reply to Defendants' expert report, allowing the submission of a supplemental report "will put to rest any criticisms and will further provide an update as to the conditions at the [Orbis Site] since the reply report was completed many months ago." Dkt. No. 166 at p. 13. Defendants oppose Plaintiffs motion and argue that "Plaintiffs have known for years about conditions at the [Orbis Site] and the extent of the remedial investigations conducted there" and that Plaintiffs have failed to allege the existence of any new evidence which would justify the reopening of expert discovery and the preparation of a supplemental report. Dkt. No. 168 at p. 11.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(e), a party "must supplement or correct its disclosure: (A) in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect . . . ." As Plaintiffs' request to supplement is far outside the deadlines set forth in the scheduling orders for this matter, in considering Plaintiffs' request, the Court considers: (1) the prejudice to the opposing party; (2) the ability of the opposing party to cure the prejudice; (3) the extent to which allowing a supplemental statement would disrupt the order and efficiency of the proceedings; (4) bad faith or willfulness of the moving party in failing to comply with the Court's orders; and (5) the importance of the excluded evidence. *ZF Meritor,*

---

[7] Although Plaintiffs were only given leave to move to supplement the Greenberg Report, Plaintiffs have also included in their present motion a request to bifurcate the trial in this matter. Plaintiffs were not given leave to file a request for bifurcation and accordingly, this issue not properly before the Court at this juncture.

*LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012). However, "parties may not use their obligation to supplement [under Rule 26(e)] as an excuse to violate the clear terms of a Scheduling Order, unilaterally buying themselves additional time to make disclosures, thereby unduly prejudicing other parties and potentially delaying the progress of a case." *Abbott Labs. v. Lupin Ltd.,* 2011 WL 1897322, at *3 (D.Del. May 19, 2011).

First, the Court addresses any prejudice caused to Defendants by allowing Plaintiffs to supplement the Greenberg Report. Plaintiffs assert that no prejudice will be suffered by Defendants because Plaintiffs "will likely succeed on future motions that the case proceed on declaratory judgment only" and that Plaintiffs should not have to bear the burden of Defendants "bad acts. . . ." Dkt. No. 166 at p. 17. Defendants argue that Plaintiffs' reliance on the possibility of a future declaratory judgment in Plaintiffs' favor is misplaced, but do not allege any prejudice Defendants would suffer as a result of allowing Plaintiffs to supplement the Greenberg Report. While the Court agrees that Plaintiffs' reliance on the possibility of a future declaratory judgment in their favor is immaterial to the issue at hand, Defendants' failure to allege any prejudice they would suffer as a result of the proposed supplemental expert report leads the Court to conclude that this factor weighs is favor of Plaintiffs. As a result of the Court finding that no prejudice would be caused to Defendants by allowing Plaintiffs to submit a supplemental report, the Court need not address whether any such prejudice is curable.

Next, the Court turns to the extent to which allowing Plaintiffs to supplement the Greenberg Report would disrupt the order and efficiency of the proceedings in this matter. Although this matter has been pending for over six years and expert discovery concluded six months prior to the filing of Plaintiffs' motion, no trial date has been set and the Court finds that allowing a brief period for Plaintiffs to supplement the Greenberg Report will not substantially

disrupt the final disposition of this matter. Rather, in this specific instance, the Court finds that allowing for this brief reopening of discovery to allow Plaintiffs to conduct proper testing of the Orbis Site will facilitate a full and complete trial of the claims in this matter and allow this case to reach its ultimate resolution.[8]

Turning to the next factor, Defendants do not assert any bad faith or willfulness on behalf of Plaintiffs in failing to comply with this Court's scheduling orders. Although neither party addresses this factor directly, there is no evidence leading the Court to believe that Plaintiffs' request is motivated by any bad faith. Rather, Plaintiffs' request resulted from the Order issued in the Florida Action which highlighted significant deficiencies in the Greenberg Report. Accordingly, the Court finds that this factor weighs in favor of Plaintiffs.

Finally, the Court addresses the importance of the evidence Plaintiffs seek to include through supplementing the Greenberg Report, which is "often the most significant factor." *ZF Meritor*, 696 F.3d at 298 (3d Cir. 2012) (citing *Sowell v. Butcher & Singer, Inc.,* 926 F.2d 289, 302 (3d Cir.1991)). Although the parties do not directly address this factor, the Court finds that allowing Plaintiffs the opportunity to conduct testing at the Orbis Site in order to facilitate the presentation of evidence in support of Plaintiffs' calculations for estimated future remediation costs at the Orbis Site is essential to Plaintiffs' claims, especially in light of the Court's finding in the Florida Action the Greenberg Report was "too speculative and lacking in foundation" and "did not present a reliable estimate of the cost of future response action at the [Orbis Site]."

---

[8] The Court acknowledges Defendants' well placed argument that "reopening discovery and allowing Mr. Greenberg to supplement his two prior expert reports . . . would mean that every time a hole is identified in a party's expert report, that party's expert would be allowed to return to the drawing board in an effort to plug that hole." Dkt. No. 168 at p. 11. However, in this specific instance, the Court finds that allowing Plaintiffs to supplement the Greenberg Report will promote the achievement of a full and final resolution of this matter.

*Virginia St. Fidelco, L.L.C. v. Estate of Vernon G. Brown*, No. 8:14-CV-130-T-26EAJ, Dkt. No. 103 at p. 25-26. Accordingly, the Court finds that this factor weighs in favor of Plaintiffs.

Based on the foregoing, the Court grants Plaintiffs' motion to reopen discovery for the limited purpose of supplementing the Greenberg Report. However, this period of discovery will be limited in an effort to minimize any further delay in the final resolution of this matter. Although Plaintiffs have stated that Plaintiff City of Newark's counsel is being replaced and that as a result of this replacement, no supplemental report can be completed until new counsel is retained, the Court declines to indefinitely delay resolution of this matter on the basis of the status of Plaintiffs' counsel. Fact and expert discovery in this matter have long been completed and the Court finds that Defendants will be prejudiced by any extended period of additional discovery. Accordingly, Plaintiffs will be given sixty (60) days from the date of this Order to serve their supplemental report and Defendants will be given sixty (60) days to respond. There will be no extensions of these deadlines.

## III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 30th day of May, 2017,

**ORDERED** that Plaintiffs' motion to reopen discovery for the limited purpose of filing a supplement to the Greenberg Report [Dkt. No. 166] is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall have sixty (60) days from the date of this Order to serve their supplemental report; and it is further

**ORDERED** that Defendants shall have sixty (60) days from the date of Plaintiffs' service of their supplemental report to file any response; and it is further

7

**ORDERED** that the Court will conduct a telephone conference with the parties on **October 5, 2017 at 10:00 AM**. Counsel for Plaintiffs shall initiate the call.

s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**
