# SCARINCI HOLLENBECK
## ATTORNEYS AT LAW

New York | New Jersey | Washington, D.C.

**JOHN M. SCAGNELLI** | Partner | Chair, Environmental and Land Use Law Group
jscagnelli@sh-law.com

October 18, 2017

**BY ELECTRONIC FILING**

Honorable James B. Clark III, U.S.M.J.
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07102

   Re: **Virginia Street Fidelco, L.L.C. et al. v. Orbis Products Corporation, et al.**
      **Civil Action No. 2:11-cv-02057 (KM)(JBC)**
      **Our File No. 12359.1000**

Dear Magistrate Clark:

  We represent Defendants Robert Amaducci, William Amaducci and Flaroma, Inc. ("Defendants") in this case. We are writing to bring to Your Honor's attention two serious violations by Plaintiffs of this Court's Orders relating to Plaintiffs' introduction of a second new expert and expert report and Plaintiffs' introduction of a previously unproduced new environmental report on the Orbis, Newark site ("Orbis Site") which is relied upon by Plaintiffs' expert, Mr. Greenberg. Without seeking leave from Your Honor, Plaintiffs introduced a new expert, John H. Crow, Ph.D. and provided Defendants' with Mr. Crow's expert report. Moreover, in Plaintiffs' expert Richard Greenberg's September 2017 Second Supplemental Report, Mr. Greenberg refers to, and relies upon, a previously unproduced environmental report relating to the contamination of the Orbis Site.

  We need to provide some background. Plaintiffs' expert, Richard Greenberg, submitted his first expert report on the Orbis Site in September 2015. See, Mr. Greenberg's September 2015 Expert Report, Annex "A". Your Honor permitted Plaintiffs to submit a second reply expert report from Mr. Greenberg. See, December 28, 2015 Letter Order ("ECF No. 153"). In March 2016, Mr. Greenberg submitted his supplemental reply expert report. See, Mr. Greenberg's March 2016 Supplemental Expert Report, Annex "B".

  On October 21, 2016, Plaintiffs filed their Motion to Reopen Discovery and Supplement Plaintiffs' Expert Report (ECF No. 167). Plaintiffs' justification for reopening discovery to supplement what were then two expert reports from Mr. Greenberg was that it had been over a year since Mr. Greenberg had rendered his initial report and seven months since Mr. Greenberg

rendered his reply report. Plaintiffs' counsel, not Mr. Greenberg, stated in Plaintiffs' Brief in support of that motion that Mr. Greenberg should be allowed to do "minimal delineation testing and groundwater sampling" to supplement his report. See, Plaintiffs' Motion to Reopen Discovery and supplement Plaintiffs' Expert Report, at p. 16.

This Court, in its May 30, 2017 Opinion and Order, granted Plaintiffs' Motion to Reopen Discovery and Supplement Plaintiffs' Expert Report and permitted Plaintiffs to submit a third supplemental expert report from Mr. Greenberg based upon this Court's belief that allowing Plaintiffs the opportunity to conduct testing at the Orbis Site would facilitate a full and complete trial of the claims in this matter. This Court acknowledged, however, Defendants' "well placed argument" that reopening discovery and allowing Mr. Greenberg to supplement his two prior expert reports . . . would mean that every time a hole is identified in party's expert report, that party's expert would be allowed to return to the drawing board in an effort to plug that hole. See, May 30, 2017 Opinion and Order (ECF No. 171), at p. 6.

Having been given the opportunity by this Court to conduct additional sampling at the Orbis Site and to have Mr. Greenberg prepare and submit a third supplemental expert report based upon that sampling, what did Plaintiffs do? Instead of conducting the environmental sampling at the Orbis Site and submitting the third Greenberg supplemental expert report which they requested, Plaintiffs instead on July 17, 2017 filed, without first seeking leave of this Court, a Motion to Proceed on Declaratory Judgment or Alternatively to Bifurcate and To Stay filing of a Supplemental Expert Report (ECF No. 172-1). Interestingly, Plaintiffs sought to stay the submission of the same supplemental expert report which they had requested leave from this Court to file. Plaintiffs failed to provide a certification from Mr. Greenberg in support of their motion to stay the filing of their own requested expert report and instead submitted the certification of Paul Schatz, an employee of EWMA, an environmental remediation firm. We assume Plaintiffs will not seek to introduce Paul Schatz as an expert at trial. If we are incorrect in that assumption, we request that Plaintiffs advise us of their intent to introduce him immediately so that Defendants can undertake the necessary steps to preclude his testimony at trial.

This Court, in its August 22, 2017 Letter Order (ECF No. 179) denied Plaintiffs' Motion to Proceed on Declaratory Judgment or, Alternatively, to Bifurcate and to Stay the Filing of Supplemental Expert Report and gave Plaintiffs until September 30, 2017 to file Mr. Greenberg's second supplemental expert report.

We now turn to Plaintiffs' violations of this Court's Orders.

Plaintiffs have now submitted Mr. Greenberg's second supplemental expert report. Contrary to their representations to this Court, Plaintiffs failed to undertake any of the environmental testing they said they needed. See, Mr. Greenberg's September 2017 Second Supplemental Expert Report, Annex "C". Mr. Greenberg's Second Supplemental Expert Report, however, refers to, and relies upon, an environmental report commissioned for Plaintiffs in 2002 not previously produced in discovery in this case. See, Mr. Greenberg's Second Supplemental Expert Report at p. 4 and Attachment 1. The fact discovery period in this case closed on July 14,

2014. See, July 10, 2014 Letter Order by Magistrate Waldor (ECF No. 90). Plaintiffs' only explanation for not producing the 2002 Report, more than three years after the close of the discovery period, is that "Recently an important report was discovered by the City of Newark in closed City of Newark files that previously had not been supplied to this expert." We reviewed the list of documents relied upon by Plaintiffs' expert, Mr. Greenberg, in his first two expert reports (Annexes A and B), and there is no reference to this 2002 Report. Plaintiffs do not state when this "important report" was discovered by them. Defendants accordingly request that the Court bar Plaintiffs' from introducing this 2002 Report in evidence in this case, or alternatively, if it is to be introduced, that the Court allow Defendants to take Mr. Greenberg's deposition testimony relating to the impact of this 2002 Report upon his expert opinion in this case, and allow Defendants' expert, Mr. McLaughlin, to file a reply expert report to Mr. Greenberg's second supplemental report.

Further, in addition to submitting Mr. Greenberg's second supplemental expert report which relies upon the "newly discovered" 2002 Report, Plaintiffs now, without seeking leave of this Court, decided to engage and introduce a new expert, John H. Crow, Ph.D. and have submitted an expert report from Mr. Crow. See, Mr. Crow's September 27, 2017 Supplemental Expert Report attached as Annex "D". Simply put, Plaintiffs should be barred from introducing Mr. Crow's supplemental expert report and from allowing him to testify as an expert for Plaintiffs at trial.

Attempts by parties seeking, without leave, to introduce unauthorized supplemental expert reports have been rejected in CERCLA cases such as this. In Vineland Construction Co. v. Universal-Rundle Corp., 1996 U.S. Dist. LEXIS 22386 (D.N.J. 1996) (Annex "E"), Magistrate Judge Joel Rosen barred Plaintiffs from filing an unauthorized second supplemental expert report and imposed fees and costs against Plaintiff which sought to introduce the report. In the case, Plaintiff Vineland Construction, had had several opportunities to produce a complete expert opinion, and prepared a second supplemental expert report without seeking the permission of the Court or the consent of Defendants. The Plaintiffs in Vineland Construction did not provide any explanation for their failure to seek leave from the Court to file a supplemental expert report. Magistrate Judge Rosen disallowed Plaintiffs' supplemental expert report and stated:

> "The system of justice would cease to function if courts permitted parties to engage in endless forays into the depths of discovery practice. Vineland, after two opportunities to produce a complete expert opinion, secretly investigated the site and prepared a new report. Vineland acted neither with the permission of the court nor the consent of the defendants."

Id. at 1996 U.S. Dist. LEXIS 22386 at 29."

See also, NutraSweet Co. v. X-L Eng'g Co., 2000 U.S. App. LEXIS 22709 (7 Cir. 2000) (Annex "F") (holding that District Court did not abuse its discretion in excluding Appellant's expert from testifying on specific results due to Appellant's failure to timely file its supplemental expert report, stating "the Federal Rules of Civil Procedure require parties to file reports of

expert witnesses they intend to use at trial. See Fed. R. Civ. P. 26(a)(2). If a party does not timely file his reports, the district court may exclude the parties expert from testifying at trial on the matters the parties were required to disclose. See Fed. R. Civ. P. 37(c)(1). The sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show its violation of Rule 26(a) was either justified or harmless." Id. at 2000 U.S. App. LEXIS 22709 at 19).

In Vineland Construction, Plaintiffs produced a supplemental expert report from the same expert without seeking the Court's permission. Here, Plaintiffs have taken it a step further – they went ahead and retained a new expert after the close of expert discovery without permission and are now seeking to introduce that new expert's report.

Plaintiffs' failure to seek leave from this Court to introduce Mr. Crow as their second new expert at this stage in the case is without justification. Were Mr. Crow to be accepted as a second expert for Plaintiffs, Defendants would need to request this Court's leave to take Mr. Crow's deposition and to submit a responsive expert report to Mr. Crow's report from Defendants' expert, Mr. McLaughlin. To do this would be financially prejudicial for Defendants. Therefore, Defendants request that this Court bar the acceptance of Mr. Crow as an expert for Plaintiffs, the introduction of his supplemental expert report, and his testimony as an expert for Plaintiffs at trial.

It would be helpful for the Court to schedule a telephone conference with counsel to discuss these issues.

Respectfully submitted,

/s/ John M. Scagnelli

JOHN M. SCAGNELLI
For the Firm

Enclosures
cc:   All Counsel of Record

4820-0952-9937, v. 1