UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRGINIA STREET FIDELCO, L.L.C. and THE CITY OF NEWARK,<br><br>Plaintiffs,<br><br>v.<br><br>ORBIS PRODUCTS CORPORATION; NORDA, INC.; PF NORDA, INC.; PPF INTERNATIONAL, INC.; ADRON, INC.; QUEST INTERNATIONAL, INC.; INDOPCO, INC.; NATIONAL STARCH AND CHEMICAL CORPORATION; FLAROMA, INC., ROBERT L. AMADUCCI; WILLIAM R. AMADUCCI; ESTATE OF ELENA DUKE BENEDICT; ESTATE OF LOUIS AMADUCCI; JOHN DOE CORPORATION (1-50); JOHN DOE (1-50); JOHN DOE INSURANCE COMPANY (1-100),<br><br>Defendants. | Civil Action No. 2:11-cv-02057 (KM-JBC) |

**BRIEF OF DEFENDANTS ROBERT AMADUCCI, WILLIAM AMADUCCI AND FLAROMA, INC IN OPPOSITION TO PLAINTIFFS' MOTION TO APPEAL MAGISTRATE JUDGE JAMES B. CLARK'S ORDERS OF NOVEMBER 15, 2017 AND NOVEMBER 21, 2017 REGARDING PLAINTIFFS' SEPTEMBER 30, 2017 EXPERT REPORTS**

SCARINCI & HOLLENBECK, LLC
Attorneys at Law
1100 Valley Brook Avenue
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
Telephone: (201) 896-4100
Attorneys for Defendants Flaroma, Inc.,
Robert L. Amaducci and William R. Amaducci

John M. Scagnelli, Esq. (JMS-6107)
Of Counsel and On the Brief
William C. Sullivan, Esq. (WCS-5892)
On the Brief

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS............................... 3

LEGAL ARGUMENT ........................................................................................... 7

POINT I ................................................................................................................. 7

    IT IS WELL SETTLED THAT THE STANDARD OF REVIEW
    OF A MAGISTRATE JUDGE'S DECISION ON PRETRIAL
    NON-DISPOSITIVE MATTERS IS WHETHER THE DECISION
    IS CLEARLY ERRONEOUS OR CONTRARY TO LAW ........................ 7

POINT II ................................................................................................................ 8

    MAGISTRATE JUDGE CLARK HAS SHOWN PATIENCE AND
    FLEXIBILITY IN ALREADY ALLOWING PLAINTIFFS TO
    SUPPLEMENT MR. GREENBERG'S EXPERT REPORT ...................... 8

CONCLUSION .................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.,
  131 F.R.D. 63 (D.N.J. 1990)......................................................................................8,15

Eisai Co. v. Teva Farms, USA, Inc.,
  2010 U.S. Dist. LEXIS 64536 (D.N.J. 2010) ................................................................8

Haines v. Liggett Group Inc.,
  975 F.2d 81 (3d Cir. 1992).................................................................................8, 11, 15

Hurley v. Atlantic City Police Dep't,
  1995 U.S. Dist. LEXIS 20608 (D.N.J. 1995) ..............................................................11

Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery,
  177 F.R.D. 205 (D.N.J. 1997).......................................................................................12

Montgomery v. Mitsubishi Motors Corp.,
  448 F. Supp. 2d 619 (E.D. Pa. 2006) ...........................................................................14

NutraSweet Co. v. X-L Eng'g Co.,
  2000 U.S. App. LEXIS 22709 (7th Cir. 2000) ............................................................10

Reichhold, Inc. v. United States Metals Ref. Co.,
  2007 U.S. Dist. LEXIS 34284 (D.N.J. 2007) .........................................................13, 14

Richards v. Johnson & Johnson,
  2008 U.S. Dist. LEXIS 14131 (D.N.J. 2008) ................................................................8

Skoorka v. Kean University,
  2013 U.S. Dist. LEXIS 164130 (D.N.J. 2013) .........................................................8, 16

Vineland Construction Co. v. Universal-Rundle Corp.,
  1996 U.S. Dist. LEXIS 22386 (D.N.J. 1996) ...........................................................9,10

Virginia Street Fidelco, LLC and City of Newark, New Jersey v. Estate of Vernon
  G. Browne,
  Case No.: 8:14-cv-130-T-26EAJ .....................................................................................4

ZF Meritor, LLC v. Easton Corp.,
  696 F.3d 254 (3d Cir. 2012)....................................................................................12, 13

**Statutes**

42 U.S.C. §9601 et seq...........................................................................................................3

42 U.S.C. §9601, Section107(a) ...................................................................................................4

N.J.S.A. 58:10-23.11 et seq. ........................................................................................................3

N.J.S.A. 58:10-23.11....................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)...............................................................................................................10

Fed. R. Civ. P. 37(c)(1)...............................................................................................................10

Fed. R. Civ. P. 72(a) .....................................................................................................................7

Fed. R. Civ. P. 26(a) ...................................................................................................................10

4833-8909-0649, v. 1

## PRELIMINARY STATEMENT

In their pending motion, Plaintiffs Virginia Street Fidelco, LLC and the City of Newark ("Plaintiffs') ask this Court to reject and overturn the decision of Magistrate Judge James B. Clark reflected in Orders dated November 15, 2017 and November 30, 2017, whereby Magistrate Judge Clark declined to permit Plaintiffs to further delay the trial date of this long-pending matter by introducing a new expert and new evidence long after the close of discovery and contrary to the instruction of the Court in prior Orders. The discovery period in this case closed on July 14, 2014 (ECF No. 90). Defendants submit that Plaintiffs' maneuvers are merely an attempt, at this very late date, to try to rehabilitate the expert report of their expert, Richard Greenberg, Ph.D. Mr. Greenberg's expert report was severely criticized by U.S. District Court Judge Richard A. Lazzara in the Middle District of Florida in related litigation.

For over a year, Plaintiffs have been petitioning Magistrate Judge Clark for relief to rehabilitate Mr. Greenberg's expert report. In his May 2017, Decision and Order (ECF No. 171) granting Plaintiffs' motion to reopen discovery to file a supplemental Greenberg Expert Report, Magistrate Judge Clark accommodated Plaintiffs' requests, even though, in the Judge's words, he was "really right about the end of my patience back in May when I granted that – when I granted Plaintiffs leave to have that Greenberg report supplemented". Transcript of November 14, 2015 Magistrate's Conference Call, Certification of John M. Scagnelli ("Scagnelli Cert.), Para.7, Exhibit F at 22. Plaintiffs' request to supplement the Greenberg Expert Report and Magistrate Judge Clark's approval of Plaintiffs' request to supplement it was based upon Plaintiffs' stated need for new environmental sampling at the Orbis Newark, New Jersey ("Orbis Site").

Rather than submitting the supplemental Greenberg Expert Report they had requested leave from the Magistrate Judge to file, Plaintiffs instead filed on July 17, 2017 (ECF No. 172-1) a motion seeking to stay their time to file the same supplemental Greenberg Expert Report they had requested

1

leave to file, based upon their assertions that there had been "massive illegal dumping" at the Orbis Site, and also asked the Court to bifurcate this case. In his August 22, 2017 Letter Order (ECF No. 179), Magistrate Judge Clark denied Plaintiffs' request to bifurcate the case, but "reluctantly" allowed Plaintiffs to submit a supplemental report from Mr. Greenberg, "expecting that there might not be very much to do because we – you know, the representation we couldn't do any sampling." Id. at 23.

Now, instead of filing the supplemental Greenberg Expert Report which the Magistrate Judge had allowed, Plaintiffs, without first seeking leave from the Magistrate Judge, submitted an expert report from a new second expert and a supplemental report from Mr. Greenberg which relied almost entirely upon an environmental report relating to the Orbis Site which had not been previously produced in discovery. Id.

Magistrate Judge Clark stated the following regarding Plaintiff's maneuver:

> I was rather forgiving back in May, and, as I said, rather reluctant to yet again permit an amendment to the Greenberg report. And I think it was clear to everyone that it was very limited. I didn't say, Greenberg can amend his report and, you know, we can amend it by using other experts to amend. That's ridiculous. That's not what I meant in any – in any honest appraisal of what went on back in May. …. I think is enough is enough. I am not going to allow the supplement to Mr. Greenberg's report. I did that almost as an actuality of mercy or charity, because the plaintiff, you know, based on the results of the Florida litigation, insisted, oh, we've –you know, we've got to revisit the sampling. If the sampling's not possible now, well, then it's not possible. We'll have to go with what we've got. And if you can't supplement the Greenberg report – Mr. Greenberg can't supplement it himself, because he doesn't have samples, well, then, that's the end of it. He can't supplement the report. We're not going to rely on new documents that were never produced before. We're not going to rely on new experts, you know, and new expert reports.

Id. at 24-25.

Magistrate Judge Clark's decision was well-founded, within the exercise of his discretion on discovery issues, and should be affirmed.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiffs brought this action under the Comprehensive Environmental Response, Compensation and Liability Act of 1986 ("CERCLA"), 42 U.S.C. §9601 et seq., the New Jersey Spill Compensation and Liability Act ("Spill Act") N.J.S.A. 58:10-23.11 et seq. and state statutory and common law for damages, equitable and declaratory relief related to environmental contamination on a property located at 55 Virginia Street in Newark, New Jersey (the "Property"). The Property was formerly owned by Defendant Orbis Products Corporation ("Orbis"), on which Orbis operated a manufacturing plant. The Property is now owned by the City of Newark. Plaintiff Fidelco is a developer which seeks to redevelop the Property.

Plaintiffs brought this action against Orbis and a number of corporate entities and individuals which it alleged were related to Defendant Orbis and/or the Property. All of the corporate entity defendants have defaulted or have been dismissed except for Defendant Flaroma, Inc. Plaintiffs also seek to impose individual liability on Robert Amaducci and William Amaducci, who were employees of Orbis' parent company, Norda, renamed Adron. Plaintiffs further seek to impose liability on Defendants Estate of Louis Amaducci and Estate of Elena Duke Benedict.

Defendants maintain that they are not liable to Plaintiffs because Flaroma has no connection with Orbis or the Property and neither Robert Amaducci nor William Amaducci's employment activities with Norda or Adron involved management of the Orbis Newark plant or their participation in any activities which resulted in discharges of hazardous substances at the Property.

In its August 3, 2016 Opinion and Order (ECF Nos. 161, 162), this Court granted in part and denied in part Defendants' motion for summary judgment, dismissing all claims against these Defendants except for the claims alleged in Counts I, (cost recovery under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"); V (contribution under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11

3

4833-8909-0649, v. 1

et seq., ("Spill Act"); IX (common law strict liability) and XI (indemnification).

Plaintiffs' appeal of Magistrate Judge Clark's November 15, 2017 and November 21, 2017 Letter Orders (ECF Nos. 184, 187) arises from the convoluted history of Plaintiffs' expert discovery. Plaintiffs' expert, Richard Greenberg, submitted his first expert report in September 2015. Scagnelli Certif., Para. 2, Exhibit A. In his December 28, 2015 Letter Order (ECF No. 153), Magistrate Judge Clark permitted Plaintiffs to submit a supplemental expert report from Mr. Greenberg. In March 2016, Mr. Greenberg submitted his supplemental expert report. Scagnelli Certif., Para. 3, Exhibit B.

As acknowledged by Plaintiffs in their Brief, (Plaintiffs Brief at 5-11), Mr. Greenberg's expert report was found to be seriously deficient by the Honorable Richard A. Lazzara, U.S.D.J. in the related Middle District of Florida case which Plaintiffs had filed against the Estate of Vernon G. Browne:

> He [Richard Greenberg] acknowledged that he did not conduct an independent analysis or work at the Property, but rather he relied upon reports and sampling information provided by other parties. He did not speak with the New Jersey Department of Environmental Protection ("NJDEP") or other environmental agencies regarding the current status of the Property, but chose instead to rely upon information he obtained from NJDEP's website. He acknowledged that he made mistakes in his expert report regarding conditions on the Property, such as the location of buildings and whether they were still standing. He did not reduce his estimate of future environmental costs at the Property to account for the fact that some contamination might be coming from off-site sources. He did not know the locations on the Property where the prior consultant, Envirotactics, collected soil samples, and was, therefore, unable to confirm where on the Property Envirotactics found environmental contamination which needed to be remediated. He concluded that environmental remediation needed to be conducted in areas on the Property where Envirotactics concluded that no further remedial work was required. He did not prepare a listing of each environmental area of concern on the Property with any detailed back-up to justify his estimated costs to remediate the area of concern. He did not verify that piping, catch basins, and other structures identified on the Property were still present at the time of his expert report and needed to be removed.

September 29, 2016 Order of Richard A. Lazzara, U.S.D.J., United State District Court, Middle District of Florida, Tampa Division, in <u>Virginia Street Fidelco, LLC and City of Newark, New Jersey v. Estate of Vernon G. Browne</u>, Case No.: 8:14-cv-130-T-26EAJ, Scagnelli Certif., Para. 4,

4

Exhibit C at 7-9.

Therefore, Judge Lazzara rejected Mr. Greenberg's expert report as unreliable. Id. at 12. After a bench trial, Judge Lazzara dismissed Plaintiffs' claims against the Estate of Vernon G. Browne. Plaintiffs did not take an appeal.

Faced with District Judge Lazzara's strong judicial critique of Mr. Greenberg's expert report and conclusions, Plaintiffs acted to attempt to shore up Mr. Greenberg's expert report, even though Plaintiffs had already submitted one supplemental Greenberg expert report in March 2016. On October 21, 2016, Plaintiffs filed a Motion to Reopen Discovery and Supplement Plaintiffs' Expert Report (ECF No. 167). Plaintiffs' counsel justified its Motion to Reopen Discovery to supplement what were already two expert reports from Mr. Greenberg on the ground that Mr. Greenberg should be allowed to do "minimal delineation testing and groundwater sampling" at the Orbis Site to supplement his two expert reports. Plaintiffs' Motion to Reopen Discovery (ECF No. 167) at 16-17.

In his May 30, 2017 Opinion and Order (ECF No. 171), Magistrate Judge Clark granted Plaintiffs' Motion to Reopen Discovery and Supplement Plaintiffs Expert Report, and allowed Plaintiffs to submit yet a third Greenberg expert report, based upon his belief that allowing Plaintiffs the opportunity to conduct testing at the Orbis Site would facilitate a full and complete trial of the claims in this matter and allow this case to reach its ultimate resolution. The Magistrate Judge acknowledged, however, Defendants' "well placed argument" that reopening discovery and allowing Mr. Greenberg to supplement his two prior expert reports . . . would mean that every time a hole is identified in party's expert report, that party's expert would be allowed to return to the drawing board in an effort to plug that hole." May 30, 2017 Opinion and Order (ECF No. 171), at p. 6, fn. 8.

Remarkably, instead of conducting the sampling at the Orbis Site and submitting the second

5

Greenberg expert report that they had requested leave to file, Plaintiffs instead filed on July 17, 2017, without first seeking leave of the Court, a Motion to Proceed on Declaratory Judgment or Alternatively to Bifurcate and Stay Filing of a Supplemental Expert Report (ECF No. 172-1). With this filing, Plaintiffs sought to stay the submission of the third Greenberg expert report they had requested leave from this Court to file.

By Letter Order dated August 22, 2017, (ECF No. 179), Magistrate Judge Clark denied Plaintiffs' Motion to Proceed on Declaratory Judgement or Alternatively to Bifurcate and Stay Filing of Supplemental Expert Report, and gave Plaintiffs until September 30, 2017 to file Mr. Greenberg's third supplemental expert report.

On or about September 27, 2017, Plaintiffs submitted Mr. Greenberg's second supplemental expert report. Contrary to Plaintiffs' representations to this Court, Plaintiffs failed to undertake any of the sampling at the Orbis Site they said they needed. Scagnelli Certif., Para. 5, Exhibit D [Greenberg September 2017 Expert Report]. In addition, Mr. Greenberg's September 2017 Expert Report relied upon an environmental report commissioned for Plaintiffs in 2002 which was not previously produced in discovery in this case. Id. at 4, Exhibit D.

As noted, fact discovery in this case closed on July 14, 2014. July 10, 2014 Order by Magistrate Waldor (ECF No. 90). Plaintiffs' explanation for producing the 2002 environmental report, more than three years after the close of the discovery period, was that "Recently an important report was discovered by the City of Newark in closed City of Newark files that previously had not been supplied to this expert." Scagnelli Certif., Para. 5, Exhibit D at 4. Notably, this explanation was contained in the preamble of the Greenberg September 2017 Expert Report, and was not supported by any certification from Plaintiffs' counsel. In Plaintiffs present Brief, they now have changed their explanation to state that the 2002 environmental report was provided to counsel for the City of Newark by USEPA in summer 2017.

6

Even more egregiously, Plaintiffs, without seeking leave of this Court, filed a new expert report from a new expert, John H. Crow, Ph.D. Scagnelli Certif., Para. 6, Exhibit E. [John H. Crow, Ph.D. September 27, 2017 Expert Report].

Defendants objected to the new John H. Crow Expert Report and the second supplemental Greenberg Report which relied upon the 2002 environmental report not produced in discovery. By letter of October 18, 2017 (ECF No. 180), Defendants advised Magistrate Judge Clark of their objections, arguing that Plaintiffs' actions were in violation of Magistrate Judge Waldor's Order closing fact discovery on July 14, 2014 (ECF No. 90) and Magistrate Judge Clark's own August 22, 2017 Order (ECF No. 179) which only authorized the filing of a second supplemental report from Mr. Greenberg based upon Plaintiff's requested additional sampling of the Orbis Site. Defendants asked the Magistrate Judge to bar the introduction of the new Crow Expert Report and the second supplemental Greenberg Expert Report.

The parties argued the issues in a telephone conference call with the Magistrate Judge Court on November 14, 2017. At the conclusion of the conference, Magistrate Judge Clark ordered that the Greenberg second supplemental Expert Report and the new Crow Expert Report be barred. The transcript of the Magistrate Judge's conference call is attached as Exhibit F to the Scagnelli Certif. Magistrate Judge Clark formalized his ruling in Orders entered on November 15, 2017 and November 21, 2017 (ECF Nos. 184, 187).

## LEGAL ARGUMENT

### POINT I.

### IT IS WELL SETTLED THAT THE STANDARD OF REVIEW OF A MAGISTRATE JUDGE'S DECISION ON PRETRIAL NON-DISPOSITIVE MATTERS IS WHETHER THE DECISION IS CLEARLY ERRONEOUS OR CONTRARY TO LAW.

It is well-settled that the standard of review of a Magistrate Judge's ruling on pretrial non-dispositive matters is whether the ruling is clearly erroneous or contrary to law. Fed. R. Civ. P.

7

72(a); <u>Eisai Co. v. Teva Farms, USA, Inc.</u>, 2010 U.S. Dist. LEXIS 64536 (D.N.J. 2010)(upholding Magistrate Judge's decision to bar overbroad and burdensome supplemental discovery). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." <u>Id.</u>, citing <u>Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.</u>, 131 F.R.D. 63, 65 (D.N.J. 1990). The Third Circuit has interpreted this test to mean that the Magistrate Judge's decision below should be affirmed unless that decision "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." <u>Haines v. Liggett Group Inc.</u>, 975 F.2d 81, 92 (3d Cir. 1992).

A ruling is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." <u>Id.</u>, citing <u>Doe v. Hartford Life & Accident Ins. Co.</u>, 237 F.R.D. 545, 548 (D.N.J. 2006).

When the ruling is related to a discovery matter, the Magistrate Judge's decision is "entitled to great deference and is reversible only for abuse of discretion." <u>Id.</u>, citing <u>Kresefky v. Panasonic Commc'ns & Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996). An abuse of discretion occurs "only where no reasonable man would take the view adopted by the trial court." <u>Richards v. Johnson & Johnson</u>, 2008 U.S. Dist. LEXIS 14131 (D.N.J. 2008). This deference is particularly appropriate where the Magistrate Judge has managed the case for an extended period and thus is thoroughly familiar with the facts and allegations. <u>Skoorka v. Kean University</u>, 2013 U.S. Dist. LEXIS 164130 (D.N.J. 2013).

### POINT II.

### MAGISTRATE JUDGE CLARK HAS SHOWN PATIENCE AND FLEXIBILITY IN ALREADY ALLOWING PLAINTIFFS TO SUPPLEMENT MR. GREENBERG'S EXPERT REPORT.

Magistrate Judge Clark has managed this case since August 10, 2015. Therefore, he is very

familiar with Plaintiffs' repeated efforts to rehabilitate their flawed Greenberg expert report and to delay the trial by attempting to introduce a new expert and supplemental expert reports. In the face of Plaintiffs' tactics, Magistrate Judge Clark has shown patience and flexibility by allowing Plaintiffs (1) the opportunity to file Mr. Greenberg's March 2016 supplemental expert report to his initial September 2015 expert report, (2) by way of the Magistrate Judge's May 30, 2017 Opinion and Order, to conduct additional sampling at the Orbis Site and file a second Greenberg expert report based thereon and (3) extending for a second time leave to serve Mr. Greenberg's second supplemental expert report. Plaintiffs abused the flexibility extended to them by Magistrate Judge Clark and violated his Orders by (1) introducing a second supplemental Greenberg expert report without even conducting the sampling of the Orbis Site which Plaintiffs claimed they needed which was the basis used by Plaintiffs to convince the Magistrate Judge that they should be allowed to submit that report, (2) submitting a second supplemental Greenberg expert report based upon a 2002 environmental report not previously produced during fact discovery, and (3) submitting an expert report from a new expert, John H. Crow, without seeking leave of the Magistrate Judge.

Confronted with Plaintiff's tactics and Defendants' objection to same, the Magistrate Judge appropriately exercised his discretion and barred the introduction of the new Crow Expert Report and the second supplemental Greenberg expert report. Attempts by parties seeking, without leave, to introduce unauthorized supplemental expert reports have been rejected in CERCLA cases like this one. In a case similar to this one, <u>Vineland Construction Co. v. Universal-Rundle Corp.</u>, 1996 U.S. Dist. LEXIS 22386 (D.N.J. 1996), Magistrate Judge Rosen barred Plaintiff from filing an unauthorized second supplemental expert report and imposed fees and costs against Plaintiff. In that case, like the present one, Plaintiff had several opportunities to produce a complete expert opinion but instead conducted an additional investigation and submitted a second supplemental expert report without first seeking leave of this Court or the consent of Defendants. Plaintiff, like

9

here, failed to provide any explanation for its failure to seek leave from this Court. Magistrate Judge Rosen disallowed the supplemental expert report and stated:

> The system of justice would cease to function if courts permitted parties to engage in endless forays into the depths of discovery practice. Vineland, after two opportunities to produce a complete expert opinion, secretly investigated the site and prepared a new report. Vineland acted neither with the permission of the court nor the consent of the defendants.

Id. at 1996 U.S. Dist. LEXIS 22386 at 29."

In NutraSweet Co. v. X-L Eng'g Co., 2000 U.S. App. LEXIS 22709 (7th Cir. 2000), the appellate court held that the trial court did not abuse its discretion in excluding appellant's expert from testifying on specific results due to appellant's failure to timely file its supplemental expert report. "The Federal Rules of Civil Procedure require parties to file reports of expert witnesses they intend to use at trial. See Fed. R. Civ. P. 26(a)(2). If a party does not timely file his reports, the district court may exclude the parties' expert from testifying at trial on the matters the parties were required to disclose. See Fed. R. Civ. P. 37(c)(1). The sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show its violation of Rule 26(a) was either justified or harmless." Id. at 2000 U.S. App. LEXIS 22709 at 19.

In Hurley v. Atlantic City Police Dep't, 1995 U.S. Dist. LEXIS 20608 (D.N.J. 1995), the magistrate judge barred the testimony of two of Plaintiff's experts as it related to supplemental expert reports submitted by these experts to rebut the testimony of defendants' expert. On appeal, the Court affirmed because the decision was not clearly erroneous or contrary to law. Plaintiff argued that parties are generally entitled to introduce rebuttal expert testimony, but the Court noted that the decision is squarely within the discretion of the magistrate. Id. at 17. The Court agreed to reconsider the issue at trial, but only because the experts had not yet been deposed. Id.

In Vineland Construction, Plaintiff produced a supplemental expert report from the same

10

expert without seeking the Court's permission. Here, Plaintiffs have taken it a step further – they retained a new expert after the close of expert discovery without permission and sought to introduce his report, and they produced another report from their existing expert that relied entirely on a document never previously produced to Defendants, even though fact discovery closed in 2014 and even though the sole justification for the Court's permission to file this report was that Plaintiffs needed field sampling, which they never conducted. Magistrate Judge Clark properly considered these facts and history and excluded these reports.

Plaintiffs challenge Magistrate Judge Clark's decision to bar the second supplemental Greenberg report which relied upon the 2002 environmental report not produced in discovery on the grounds that Plaintiff City of Newark only recently came into possession of the document from the United States Environmental Protection Agency ("USEPA"), that there had been a change in counsel for the City, and a turnover in City personnel made it difficult to find individuals with knowledge of relevant facts. Plaintiffs also allege unspecified lack of cooperation issues between the Plaintiffs. Plaintiffs' Brief at 1,3,11,12. As a threshold matter, Plaintiffs' expert, Richard Greenberg, in the preamble to his September 2017 second supplemental expert report which Magistrate Clark excluded stated that the 2002 environmental report was discovered by Plaintiff City of Newark in closed City files. There was no mention of the document coming from the USEPA or any further explanation for its appearance. Although counsel for the City of Newark discussed her recent retention by the City in the November 14, 2017 teleconference with Magistrate Judge Clark, she did not mention personnel turnover or any corresponding difficulty in obtaining information or receipt of the document from the USEPA. Because those arguments were not before Magistrate Clark when he rendered his decision barring the reports, these arguments cannot be raised on appeal. Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997), citing Haines v. Ligget Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992). In addition,

11

courts cannot be in the position of extending discovery deadlines every time a party explains that they had difficulty obtaining information from their client, particularly in cases involving large organizations like the City of Newark or involving environmental claims, which often involve documents prepared many years earlier.

Although ZF Meritor, LLC v. Easton Corp., 696 F.3d 254 (3d Cir. 2012), relied upon by Plaintiffs, sets forth the accepted standard for courts to utilize when considering a request to supplement an expert report, that case is distinguishable. In that case, the damages data to be utilized in new calculations in the proposed supplemental report was contained in prior reports and had been known to all parties for three years. Therefore, the Court found that allowing the supplemental report would not be tantamount to reopening discovery. Id. at 298. In the matter presently before this Court, the submission of a report by a new expert and a report based upon a report not previously produced in discovery would require the reopening of expert discovery, including the submission of rebuttal reports from Defendants, the deposition of an expert who was previously deposed based on his expert prior reports, and the deposition of an entirely new expert not previously identified in discovery. This is likely to further delay the trial and resolution of this case, whereas in ZF Meritor, a liability trial had already concluded and the resolution of damages was "precisely what the District Court and the parties envisioned all along." Id. at 299. Furthermore, Plaintiffs' submission of a report from a new expert was clearly in violation of Magistrate Clark's Letter Order of August 22, 2017. As explained by Magistrate Judge Clark:

> Okay. I gave you the leave to supplement the Greenberg report, expecting that there might not be very much to do because we – you know, the representation we couldn't do any sampling. Now, a couple of months later, I'm told that we've got a new expert who's involved, we've got documents that miraculously showed up in September that help us with our concerns on sampling .... I'm not sold that these reports should be accepted. I'm inclined to agree with Mr. Scagnelli at this point. I was rather forgiving back in May, and as I said, very reluctant to yet again permit an amendment to the Greenberg report. And I think it was very clear to everyone that it was very limited. I didn't say, Greenberg can amend his report and, you know, you can amend it by using other experts to amend. That's ridiculous. That's not what I meant in any – in any honest appraisal of what went on back

in May.

Transcript of November 14, 2017 Magistrate's Conference Call, Scagnelli Certif., Para. 7, Exhibit F, at 23-24.

Therefore, unlike in ZF Meritor, Defendants would be prejudiced and the movement of this aging case toward trial would be further disrupted were this Court to allow Plaintiffs to add a new expert and a second supplementary expert report relying upon a report not previously produced in discovery. Plaintiffs argue that Defendants would not be prejudiced by the introduction of these new reports, citing Defendants' statements to Magistrate Judge Clark that, if he was inclined to allow the introduction of these new reports, he should provide Defendants with the opportunity to depose Plaintiffs' experts on these reports and have the opportunity to submit a new Defendants' expert report in rebuttal. Of course, Defendants' request for this alternative relief, if necessary, was not an admission that they would not be prejudiced. The very burden and expense of taking this additional discovery and providing a new expert report is prejudice in itself. Defendants' request was merely intended to preserve their opportunity to defend themselves in the event the Magistrate Judge allowed the introduction of the reports at all. He declined to do so, rendering the 'alternative relief' issue academic.

Reichhold, Inc. v. United States Metals Ref. Co., 2007 U.S. Dist. LEXIS 34284 (D.N.J. 2007), cited by Plaintiffs, involved cost recovery and contribution claims under CERCLA and the Spill Act. Only after the litigation was well underway did the New Jersey Department of Environmental Protection assert a Natural Resource Damages ("NRD") claim against Reichhold arising out of contamination of the Arthur Kill. Primarily for that reason, the Court ruled that the Magistrate Judge should have allowed Reichhold to supplement their expert report to address that contamination. Id. at 10. Other supplementation was permitted because of information regarding lead contamination was discovered during fact discovery, which continued by both parties after the

13

Court deadline to close same. After the Magistrate permitted a deposition to go forward on the lead paint issue and reserved on whether expert reports could be supplemented on that issue, the Court denied any further discovery on it. Id. at 2-3, 7-8.

No new claims or government orders or directives have arisen while this case has been pending. Defendants have resisted any further fact discovery and not consented to it as did the Defendants in Reichhold. Therefore, Reichhold has no bearing on the issues before this Court.

Montgomery v. Mitsubishi Motors Corp., 448 F. Supp. 2d 619 (E.D. Pa. 2006) is similarly inapposite. The Court found that introduction of the supplemental expert opinion would not prejudice Defendants because they had long been aware of the contents of the data that the expert referenced and endorsed in his supplemental report and the actual data would not be included in the report. Id. at 634. Here, Plaintiffs propose to introduce a new expert with a new expert report and a supplemental expert report from Mr. Greenberg which relies upon a 2002 environmental report not previously produced in discovery.

Plaintiffs argue that Magistrate Judge Clark's Order is akin to a denial of an opportunity for Plaintiffs to present their case, an extreme sanction that is rarely imposed. However, that is not the situation here. Plaintiffs have produced multiple reports from Mr. Greenberg based upon the discovery produced over the length of this case. Plaintiffs had enough faith in that evidence and their expert that he was the center of their testimony at trial in the related Browne litigation on Florida. Plaintiffs discovered that Mr. Greenberg's testimony is fundamentally flawed and are simply trying to rehabilitate their case through a new expert and by submitting a second expert report based upon a document not previously produced in discovery.

The deadlines to introduce new evidence passed three years ago and Magistrate Judge Clark only reluctantly allowed Plaintiffs to submit a second supplemental report when Plaintiffs maintained that additional sampling was necessary. Rather than comply with the Magistrate Judge's

Order, Plaintiffs attempted an end run around it by submitting a second supplemental Greenberg report that did not rely upon the sampling which Plaintiff used to justify the introduction of that expert report, and by introducing a new expert and a new expert report without seeking leave on the ostensible theory that the new expert was 'supplementing' Mr. Greenberg's report. Magistrate Judge Clark saw through this ruse by barring the second supplemental Greenberg expert report and the new Crow expert report.

Faced with this dilatory conduct in flagrant violation of his prior Orders, Magistrate Judge Clark decided that "enough is enough." Transcript of November 14, 2017 Magistrate's Conference Call, Scagnelli Certif., Para. 7, Exhibit F at 24. The Magistrate Judge recognized that Plaintiffs had taken advantage of his flexibility on prior occasions by adopting the very strategy that Defendants had warned about in May 2017, and acknowledged by Magistrate Judge Clark in his May 30, 2017 Order, that allowing supplemental expert reports could mean "that every time a hole is identified in a party's expert report, that party's expert would be allowed to return to the drawing board in an effort to plug that hole." May 30, 2017 Opinion and Order (ECF No. 171) at 6, fn. 8.

Reviewing Magistrate Judge Clark's ruling under the highly deferential standard of review applicable here, this Court should find that Magistrate Judge Clark was acting well within his discretion to bar these expert reports. Magistrate Judge Clark's decision was well-grounded in the procedural history of this litigation that he has managed for over two years – the period in which almost all of the relevant Orders were issued. Plaintiffs have not satisfied their burden under this standard of review. They have not produced evidence that can leave this Court "with the definite and firm conviction that a mistake has been made." Dome Petroleum, 131 F.R.D. at 65. They cannot show that his decision was either "completely devoid of minimum evidentiary support displaying some hue of credibility, or bears no rational relationship to the supportive evidentiary data." Haines, 975 F.2d at 92. Therefore, Magistrate Judge Clark's ruling was not clearly erroneous.

15

It was further not contrary to law because Plaintiffs cannot point to any evidence that Magistrate Judge Clark misinterpreted or misapplied the applicable law. Rather, he was applying the law to the tortured procedural history here, exercising the considerable discretion afforded to him by law and his personal knowledge of the litigation and Plaintiffs' prior conduct. Id. at 92; Skoorka, 2013 U.S. Dist. LEXIS 164130. Magistrate Judge Clark's decision to bar these expert reports was appropriate under the facts and well within his authority and responsibility under the law.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' appeal of Magistrate Judge James B. Clark's Orders of November 15, 2017 and November 30, 2017 should be dismissed and those Orders should be affirmed.

Respectfully submitted,

*/s/ John M. Scagnelli*
John M. Scagnelli

Dated: December 19, 2017