UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

VIRGINIA STREET FIDELCO, L.L.C.,
and THE CITY OF NEWARK,

    Plaintiffs,

vs.

ORBIS PRODUCTS CORPORATION;
NORDA, INC.; PPF NORDA, INC.;
PPF INTERNATIONAL, INC.; ADRON,
INC.; QUEST INTERNATIONAL, INC.;
INDOPCO, INC.; NATIONAL STARCH
AND CHEMICAL CORPORATION;
JOHN DOE CORPORATIONS #1-50;
JOHN DOES #1-50; JOHN DOE
INSURANCE COMPANIES #1-100;
ESTATE OF ELENA DUKE
BENEDICT; ESTATE OF LOUIS
AMADUCCI; FLAROMA, INC.;
ROBERT L. AMADUCCI; and
WILLIAM R. AMADUCCI;

    Defendants.

Civ. No. 2:11-cv-2057-KM-JBC

OPINION

## KEVIN MCNULTY, U.S.D.J.:

Plaintiffs Virginia Street Fidelco ("Virginia Street") and the City of Newark ("Newark") appeal Magistrate Judge Clark's November 15, 2017 and November 21, 2017 orders barring the use of plaintiffs' supplemental expert opinion of Richard Greenberg and the new expert opinion of John H. Crow.

### I. BACKGROUND

Plaintiffs Virginia Street and Newark initiated this action on April 11, 2011 regarding alleged environmental contamination on property located at 55

1

Virginia Street in Newark, New Jersey (the "Orbis site"). (ECF No. 1). Fact discovery in this case concluded on July 14, 2014. (ECF No. 90). The exchange of expert reports was due by March 21, 2016. (ECF No. 153). All reports were exchanged by this deadline, including Dr. Greenberg's initial report. (ECF Nos. 166, 168, 171).

In litigation in the Middle District of Florida that concerned the same subject matter, plaintiffs also used Dr. Greenberg as an expert. (ECF Nos. 188-1, 189). They lost. Plaintiffs thereafter petitioned Magistrate Judge Clark for relief from a scheduling order so that they could rehabilitate Dr. Greenberg's expert report. In May 2017, Magistrate Judge Clark granted plaintiffs' motion "to reopen discovery for the limited purpose of supplementing the Greenberg report" with updated testing from the Orbis site. (ECF No. 171). The order stated that "this period of discovery will be limited in an effort to minimize any further delay in the final resolution of this matter." (ECF No. 171). The order also stated that "[t]here will be no extensions of these deadlines." (ECF No. 171).

On July 17, 2017, plaintiffs filed a motion seeking to proceed on a declaratory judgment claim or, in the alternative, to bifurcate the case and stay the filing of the Greenberg supplemental report. (ECF No. 172). Magistrate Judge Clark denied this motion but, despite the warning that there would be no further extensions, granted an extension of time for plaintiffs to file the supplemental report. (ECF No. 179).

Plaintiffs submitted Greenberg's supplemental expert report in September 2017. As it turned out, this supplemental report did not include additional testing of the Orbis site, the basis for the motion to supplement. Instead it relied on a 2002 environmental report that had never been produced in discovery. (ECF No. 180). Plaintiffs also submitted a new expert report from John H. Crow. (ECF No. 180).

Magistrate Judge Clark barred Mr. Crow's expert report and Mr. Greenberg's supplemental report. (ECF Nos. 184, 186, 187). In a November 17,

2017 telephone conference, Magistrate Judge Clark stated the basis for that decision:

> I was rather forgiving back in May, and as I said, rather reluctant to yet again permit an amendment to the Greenberg report. And I think it was very clear to everyone that it was very limited. I didn't say, Greenberg can amend his report and, you know, we can amend it by using other experts to amend. That's ridiculous. That's not what I meant in any -- in any honest appraisal of what went on back in May.
>
> So I'm a little troubled by fact that we have got new experts submitting reports at this late date when I, you know, at very least communicated to everybody that I was allowing the Greenberg report to be amended for very limited purposes. And I think it was pretty clear [that ...] I did not expect all of this new stuff to crop up and all of these new reports to pop up with new issues and new documents and new facts....
>
> I think enough is enough. I am not going to allow the supplement to Mr. Greenberg's report. I did that almost as an actuality or mercy or charity, because the plaintiff, you know, based on the results of the Florida litigation, insisted, oh, we've -- you know, we've got to go revisit the sampling.
>
> If the sampling's not possible now, well, then it's not possible. We'll have to go with what we've got. And if you can't supplement the Greenberg report -- Mr. Greenberg can't supplement it himself, because he doesn't have samples, well, then, that's the end of it. He can't supplement the report. We're not going to rely on new documents that were never produced before. We're not going to rely on new experts, you know, and new expert reports.

(ECF No. 186).

The plaintiffs appealed Magistrate Judge Clark's decision on November 28, 2017. (ECF No. 188). According to them, Magistrate Judge Clark erred in barring the reports because "a) Defendants could show no prejudice from admitting the reports; b) the experts' reports plainly did not violate the Court's previous orders allowing for the same; and c) barring expert reports should be

3

done only as a last resort." (ECF No. 188). Plaintiffs argue that the ruling is "patently erroneous" and should be reversed. (ECF No. 188).

## II. STANDARD OF REVIEW

A Magistrate Judge's decision is to be overturned only when the ruling was clearly erroneous or contrary to law. L. Civ. R. 72.1(c)(1)(A).[1] "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (citation omitted). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employ'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A ruling is contrary to law if the Magistrate Judge has misinterpreted or misapplied applicable law. *See Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

Where an appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, the "abuse of discretion standard" must be applied. *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citation omitted). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Id.* (citation omitted).

## III. DISCUSSION

I find that Magistrate Judge Clark properly exercised his discretion. Magistrate Judges have discretion to sanction litigants when they submit untimely expert reports or do not comply with orders. For instance, in *Hurley v.*

---

[1] L. Civ. R. 72.1(c)(1)(A) states, in relevant part:

> Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order.... A Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

4

*Atlantic City Police Department*, a Magistrate Judge allowed plaintiff to serve one untimely initial expert report. No. 93-cv-260, 1995 U.S. Dist. LEXIS 20608, at *49-50 (D.N.J. Aug. 4, 1995). When the plaintiff submitted two additional supplemental expert reports, the Magistrate Judge excluded all testimony related to them as a sanction. *Id.* at *51. The District Court Judge upheld that decision. *Id.* at *51-52.[2]

Similarly, in this case, Magistrate Judge Clark permitted plaintiffs to supplement the Greenberg report for a limited, particular purpose after the period for discovery and expert reports had closed. That purpose was the incorporation of new Orbis site testing data. The plaintiffs then sought to supplement the Greenberg report beyond the limited purpose and also submitted a report from a new expert.

There is a simple and straightforward justification for Judge Clark's ruling: he imposed a deadline and entered an order; the plaintiffs missed the deadline and violated the order extending it.

Less straightforward, but equally persuasive, is to view the ruling as a sanction for noncompliance with discovery orders. A sanction for noncompliance is appropriate in this circumstance.

The Third Circuit's *Pennypack* factors are used to evaluate whether a District Court's exclusion of evidence as a discovery sanction constitutes an abuse of discretion. They include: **(1)** "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified" or "the excluded evidence would have been offered"; **(2)** "the ability of that party to cure the prejudice"; **(3)** the extent to which allowing such witnesses or evidence would "disrupt the orderly and efficient trial of the case or of other cases in the court"; **(4)** any "bad faith or willfulness in failing to comply with the court's

---

2   The District Judge in *Hurley* permitted the plaintiff to renew her challenge to the Magistrate Judge's order since the supplemental reports allegedly contained mere summaries of potential rebuttal testimony and thus did not prejudice the defendants. *Hurley v. Atl. City Police Dep't*, 1995 U.S. Dist. LEXIS 20608, at *52. That situation is not present in this case because plaintiffs' reports are based on new, previously undisclosed reports, and a new expert's testimony.

5

order"; and **(5)** the importance of the excluded evidence." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (citation omitted).

The first two factors are addressed together. **(1)** Defendants would experience some prejudice if the plaintiffs' new reports were included. Plaintiffs have submitted a new expert opinion and relied on a report that was not produced in discovery. These untimely submissions unfairly prejudice the defendants. *See McDaniel v. Kidde Residential & Commercial*, No. 2:12-cv-1439, 2015 WL 6736811, at *3 (W.D. Pa. Nov. 3, 2015) (finding substantial prejudice in the admission of untimely supplemental testimony where plaintiffs had already expended substantial time and resources analyzing the old testimony); *cf. ZF Meritor*, 696 F.3d at 298 (finding no prejudice where new supplemental, alternate damages estimates were based on data from the initial report, which defendant had been aware of for three years). However, **(2)** the court could mitigate any prejudicial effect by permitting the defendants additional time to submit an expert report in rebuttal. *See Ciocca v. B.J.'s Wholesale Club, Inc.*, No. 4-cv-5605, 2011 WL 3563560, at *4-5 (E.D. Pa. Aug. 12, 2011) (finding that court could cure prejudice by granting defendant additional time to respond to an expert report or obtain its own rebuttal expert report). Nonetheless, defendants would have to bear the burden and expense of taking additional discovery and providing a new expert report. The litigation would also be further delayed. The first two factors thus provide weak support, at best, for the plaintiffs' position.

**(3)** As to the third factor, allowing plaintiffs to submit additional expert reports based on new information would disrupt the orderly and efficient flow of the case. The defendants would have to rebut the new expert reports and the case would be further delayed. This case began in 2011, fact discovery closed in 2014, and the exchange of expert reports was due in 2016. (ECF Nos. 1, 90, 153). Magistrate Judge Clark correctly determined that reopening discovery, submitting new expert reports, and having defendants respond to the new expert reports would disrupt the orderly progress of this litigation.

**(4)** Regarding the fourth factor, plaintiffs have shown willful disregard for Magistrate Judge Clark's order that granted plaintiffs' motion "to reopen discovery for the limited purpose of supplementing the Greenberg report" with updated testing from the Orbis site. (ECF No. 171). Magistrate Judge Clark permitted plaintiffs to reopen discovery for one limited purpose. Plaintiffs responded with a wholly new expert report and a supplemental report from Greenberg that did not relate to the single basis on which reopening was permitted. The submission was a clear violation of the prior order and is thus a "willful" violation. *See McDaniel*, 2015 WL 6736811, at *4. The disregard for the previous order weighs in favor of upholding the Magistrate Judge's decision.

**(5)** Regarding the fifth factor, plaintiffs have not shown that the evidence excluded is critical to the case. This is unlike *ZF Meritor*, where the exclusion of evidence effectively prevented the plaintiffs from pursuing damages at all. 696 F.3d at 299. *Compare EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 116-17 (5th Cir. 1993) (finding an abuse of discretion in the District Court's exclusion of expert testimony, in part, because the total exclusion of such testimony "was tantamount to a dismissal of the [plaintiffs'] claim"), *with Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. 1991) (finding no abuse of discretion in the District Court's exclusion of proffered expert testimony, in large part, because "the record [was] totally devoid of any indication of ... how th[e] testimony might have bolstered [the plaintiff's] case," and thus there was "no basis whatever for believing that the admission of expert testimony would have influenced the outcome of th[e] case"). This is not a circumstance where the exclusion of evidence would effectively eliminate plaintiffs' case. Therefore, the fifth factor also weighs in favor of upholding the Magistrate Judge's decision.

Ultimately, I find that Magistrate Judge Clark did not abuse his discretion in excluding the plaintiffs' untimely and non-compliant submissions. His decision is affirmed.

## IV.  CONCLUSION

For the foregoing reasons, I affirm Magistrate Judge Clark's decision. An appropriate order accompanies this opinion.


Dated: March 20, 2018

                                    _____
                                    **KEVIN MCNULTY**
                                    **United States District Judge**